FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 1 2017

JAMES N. HATTEN, Clerk
By: *fBeck* Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-

**DEANNA M. ROBERTS**

Case No.  **1:16-CR-0171-ODE**

**Defendant's Attorney**
**COLIN M. GARRETT**

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) **ONE THROUGH EIGHT** of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 11 USC §§ 670(a)(3), (b)(2)(C) and (c)(1) | Theft of Medical Products | 1 |
| 11 USC §§ 670(a)(3) and (c)(3) | Theft of Medical Products | 2-4 |
| 21 USC §§ 331(a), 333(a)(2) and 351(f)(1)(B) | Adulteration or Misbranding of any Food or Drug | 5-8 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$800.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.   XXX-XX-0604
Defendant's Date of Birth:   1969
Defendant's Mailing Address:
Lovejoy, Georgia

Signed this the ___1___ day of May, 2017.

Date of Imposition of Sentence: May 26, 2017

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED THIRTY FIVE (135) MONTHS on Count One; THIRTY SIX (36) MONTHS on each of Counts Two Through Eight; all counts to be served concurrently with each other, for a total term of imprisonment of ONE HUNDRED THIRTY FIVE (135) MONTHS** .

The Court makes the following recommendation to the Bureau of Prisons that the defendant participate in RDAP if defendant meets the criteria, while serving this sentence.

The Court further recommends that the Bureau of Prisons designate the facility at FPC Alderson, West Virginia, as place of service of this sentence.

The Court directs that defendant's medical records be forwarded to the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS on Count One, One (1) YEAR on each of Counts Two Through Eight; all terms to run concurrent with each other for a total of term of supervised release of THREE (3) YEARS.** The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). The defendant shall comply with the following additional conditions:

## SPECIAL CONDITIONS

1. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. § 1565(d), which requires mandatory **DNA testing** for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

2. The defendant shall not possess any controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to drug testing within 15 days after being placed on supervision and at least two periodic tests thereafter, as directed by the Probation Officer.

3. Defendant shall participate as directed in a program approved by the Probation Officer for **treatment of narcotic addiction or drug or alcohol dependency** which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

4. Defendant shall participate as directed in a program of **mental health treatment** approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

5. The defendant shall not own, possess, or have under her control any **firearm**, dangerous weapon, or other destructive device as defined in 18 USC § 921.

6. The defendant shall submit her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 103(e)(1)), other electronic communications or data storage devices or media, or office to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations or supervision.

1:16-CR-0171-ODE : DEANNA M. ROBERTS                                                                 Page 4 of 4

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.